UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOY B. LEWIS

VERSUS                                                             CIVIL ACTION NO. 07-667-JJB

SUN LIFE INSURANCE

COMPANY OF CANADA

### RULING ON MOTION FOR ATTORNEY FEES

Counsel for plaintiff, Joy B. Lewis, filed a Motion for Attorney Fees as a result of a ruling on a Motion for Summary Judgment rendered in the plaintiff's favor against Sun Life Insurance for the reinstatement of plaintiff's Long Term Disability Benefits [Doc. 24]. Sun Life Insurance did not file an opposition to plaintiff's motion.

I.   ATTORNEYS FEES

To calculate the attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended on the litigation times the reasonable hourly rate for such services. *Strong v. BellSouth Telecommunications, Inc.* 137 F.3d 844, 850 (5th Cir. 1998). The court may then adjust the lodestar figure upward or downward depending upon the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

Plaintiff's counsel has requested a total of $7,365.00 in attorney fees for the time and effort expended over the 11 months this case was in litigation: $6,298.50 for Robert W. Fenet, $978.50 for Leslie Hargrove, and $88.00 for Janet Duhy. The Defendant has not responded to

---

[1] (1) the time and labor required, (2) the novelty and difficulty of the issues, (3) the skill required to perform the legal services properly, (4) the preclusion of other employment, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

1

the plaintiff's request for attorney fees, and there is no cause to doubt the reasonableness of the time expended by counsel in this effort. Although the court may consider the *Johnson* factors in adjusting the lodestar figure, the court finds no basis for reducing or increasing the lodestar in this case.

II.   COSTS

The determination of Costs, other than attorney fees, is hereby referred to the Clerk of Court pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

III.   COST OF HANDLING OF THE APPEAL

This Court cannot exercise its discretion in awarding the fees for the cost of handling of the appeal because no evidence has been presented as to the reasonableness and necessity of the request. Further, plaintiff's counsel has presented no authority supporting an award of appellate fees in circumstances similar to these found in the instant case, *i.e.*, in advance of such services being rendered and before a judicial determination that plaintiff is the prevailing party on appeal and that the fees it incurred were reasonable. Accordingly, it is the court's finding that, without competent proof or legal authority, plaintiff's request for an award of appellate attorney fees is DENIED.

CONCLUSION

Accordingly, plaintiff's motion for attorneys fees [Doc. 24] is hereby GRANTED in part and DENIED in part. Plaintiff is granted the requested $7,365.00 for attorney fees and denied the additional request for the cost of handling the appeal. The request for other costs is hereby referred to the Clerk of Court.

Baton Rouge, Louisiana this 25th day of September, 2008.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA